UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STACY A. SCOTT,

Plaintiff,

v. Case No. 6:26-cv-386-JSS-DCI

NAVY FEDERAL CREDIT UNION,

Defendant.
_______________________________/

**ORDER**

Pending before the Court is Plaintiff's "Motion for Leave to Receive Electronic Notifications and for Pro Se CM/ECF Access." Doc. 19 (the Motion). Plaintiff, proceeding pro se in this civil action, alleges that since her release from incarceration (April 9, 2026), she has experienced housing instability such that her access to "traditional mailing and filing resources" has been unreliable and inconsistent. *Id.* at 1. Plaintiff requests leave to receive electronic notifications and to have access to the Court's CM/ECF system so she can receive timely notices of filings and comply with the Court's deadlines. *Id.* at 1-2.

The Motion is due to be granted in part and denied in part. As a general matter, "[a]bsent a court order, a pro se litigant is not permitted to file documents in CM/ECF." Admin. Proc. for Elec. Filing § B (Nov. 18, 2025). And "[p]ro se

litigants are generally denied access to electronic filing unless extenuating circumstances exist to justify waiving CM/ECF procedures.” *See Huminski v. Vermont*, 2014 WL 169848, at *4 (M.D. Fla. Jan. 15, 2014); *McMahon v. Cleveland Clinic Found. Police Dep’t*, 455 F. App’x 874, 878 (11th Cir. 2011) (per curiam) (affirming denial of CM/ECF access for pro se litigant because there was “no good cause under the circumstances of the case to authorize his access.”); *see also Gerow v. Blackwell*, 2024 WL 4679030, at *1 (M.D. Fla. Nov. 5, 2024) (“The Eleventh Circuit has routinely upheld this district’s practice of denying CM/ECF access to pro se litigants absent a showing of good cause.”) (citations omitted).

In this instance, Plaintiff has not shown any extenuating circumstances or good cause to authorize access to file via CM/ECF. Although Plaintiff alleges that she has experienced housing instability and periods of homelessness since her release from incarceration on April 9, 2026, Plaintiff has litigated this matter since then and has successfully filed documents through the mail. *See, e.g.*, Docs. 18, 19, 20, 21, 26. Thus, Plaintiff has participated in this case without CM/ECF access. There is no showing that Plaintiff’s lack of access to electronic filing has delayed the case or resulted in prejudice. The Court is not otherwise persuaded that filing future documents through U.S. mail or in person would be unduly burdensome.

That said, the Court in its discretion may grant a pro se party permission to receive electronic notice of filings.[1] *Moore v. Adventist Health Sys. Sunbelt Healthcare Corp.*, 2023 WL 4947933 (M.D. Fla. Aug. 3, 2023) (authorizing electronic notification of filings for a pro se litigant). In the Motion, Plaintiff asserts that she has "regular access to email and is able to monitor communications electronically." Doc. 19 at 1. Plaintiff's request to receive email notification of filings is well-taken and will be granted.

Accordingly, it is **ORDERED** that:

1. The Motion (Doc. 19) is **GRANTED in part** to the extent that Plaintiff seeks authorization to receive electronic notice of filings in this case;
2. The Motion is otherwise **DENIED without prejudice** in all other respects; and
3. The **Clerk** is directed to add Plaintiff's email address, stacy.chanel27@outlook.com, to CM/ECF in this matter.

**ORDERED** in Orlando, Florida on August 14, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

[1] Beginning June 8, 2026, a pro se litigant who is not incarcerated may submit a form online to receive electronic notification of future filings in his or her case. Plaintiff may consent to receive electronic service in this case by filing a notice of consent to electronic service. *See* Fed. R. Civ. P. (b)(2)(E).

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy